Stanley Goff, Esq., State Bar No. 289564
Law Offices of Stanley Goff
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Evan Pimental

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN PIMENTAL,<br><br>             Plaintiff,<br><br>vs.<br><br><br>CITY OF HAYWARD and DOES 1 - 50,<br><br>             Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>(Wrongful Death- Negligence; Violation of Decedent's Fourth Amendment Rights 42 U.S.C §1983; Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983; Inadequate and Reckless Training 42 U.S.C. §1983 |

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES- 1

## I.

## **PARTIES**

1. Plaintiff Evan Pimental is the natural, heir, successor in interest and survivor of decedent Ariel Levy. Attached as Exhibit A is his declaration required by California Code of Civil Procedure §377.32.  He is a person described in California Code of Civil Procedure §377.60(a) as persons who may bring a wrongful death action and would be entitled to the property of the decedent by intestate succession.  In his own right, he brings his Claim for Wrongful Death and Survivorship and his Claim under 42 U.S.C. §1983 for deliberate indifference to his constitutionally protected interests in the companionship of Ariel Levy.  He brings his claim under 42 U.S.C §1983 for violations of Ariel Levy's Constitutional rights, as successor in interest to Ariel Levy.

2. Defendant, City of Hayward is a legal entity established under the law of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

3. Defendant Officers DOES were at all times relevant to this complaint employed by the defendant City of Hayward. They are being sued in their individual capacity.

## II.

## **STATEMENT OF FACTS**

4. On January 24, 2014 Hayward/Pleasanton police came in and confiscated numerous weapons in Ariel Levy's ("decedent") apartment. The decedent was cleared of any wrongdoing regarding these weapons.

5. On February 4, 2014, about 7:15 p.m., two Hayward officers DOE defendants responded to a second-floor unit at the Summerwood Apartment Homes at 21701 Foothill Blvd. The

COMPLAINT FOR DAMAGES- 2

officers were dispatched at the request of Pleasanton police for a welfare check on decedent, who suffered from severe mental depression and who had been calling the Pleasanton agency repeatedly.

6. At no time, did the DOE officers during this welfare check ever attempted to deal with the decedent's depression such as having her detained under California Welfare and Institution Code Section 51/50. After the DOE officers went into decedent's apartment, they saw she had a replica handgun and retreated outside.

7. When the decedent walked toward them with the replica gun, one of the officers opened fire, hitting the decedent at least five times.

8. At no time during this altercation, did the defendant DOE Officers ever attempt to use a less lethal means of subduing the decedent before opening fire upon her, killing her.

9. Plaintiff filed timely government claims pursuant to California Government Code §910, et seq., in which claims were subsequently rejected.

**FIRST CLAIM**
(Wrongful Death-Negligence-Against Defendants City of Hayward,
Officers DOES by Plaintiff Evan Pimental as Survivor of the Decedent)

10. Plaintiff alleges that the shooting of the decedent was without cause and with unreasonable and excessive force and deliberate indifference to her safety, health, and life.

11. By deliberately and intentionally shooting numerous rounds directly at decedent Ariel Levy, defendants DOES Officers intended to and did cause serious injury and death to Ariel Levy.  Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions in shooting as they did and in killing decedent Ariel Levy.

COMPLAINT FOR DAMAGES- 3

12. Plaintiff alleges that reasonable alternatives were available to defendants to otherwise communicate with Ariel Levy, and to confirm that she was not a danger to officers or any other member of the community.

13. Plaintiff alleges that the DOE Officers employed by or acting on behalf of other defendants concealed and falsified material information and otherwise attempted to cover up their misconduct, violations of Constitutional rights and other tortious and unlawful actions.

14. Defendant City of Hayward and DOES 1-50, and each of them, are vicariously responsible and liable for the conduct of the employees that occurred within the course and scope of their employment and duties, and pursuant to California Government Code §815.2, et seq.

15. Prior to the death of decedent Ariel Levy, plaintiff Evan Pimental was in close and constant contact with decedent and was dependent on her for love, comfort, companionship, familial relationship, support and maintenance. At all times prior to her death, decedent was a loving, faithful, dutiful mother to plaintiff Evan Pimental.

16. As a direct and proximate result of the acts and omissions of defendants as set forth above, including the gross negligence, carelessness, and deliberate indifference to decedent's safety and Constitutional rights, and the wrongful death of Ariel Levy, plaintiff has sustained pecuniary and compensable loss resulting from the loss of Ariel Levy's care, comfort, society, attention, services, affection, familial relationship, companionship, love, and support as provided in section 377.61 of the California Code of Civil Procedure, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

COMPLAINT FOR DAMAGES- 4

17. As a further direct and proximate result of the actions and omissions described above, plaintiff has incurred expenses for the post-shooting care and treatment of decedent, including but not limited to funeral and burial expenses, the amount of which will be proven at trial.

18. As a further direct and proximate result of the actions and omissions described above, Ariel Levy suffered personal injury and property damage before she died.  As successors in interest to the decedent, plaintiff Evan Pimental is entitled to recover all personal injury and property damage sustained by the decedent before her death, as provided in section 377.34 of the California Code of Civil Procedure.

**SECOND CLAIM**
(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C.
§1983 - Against All Defendants by Plaintiff Evan Pimental
As Successor in Interest to Ariel Levy)

19. Plaintiff is informed and believes that City of Hayward Police Department maintained customs, policies, and/or practices whereby Hayward Police Officers were encouraged, authorized and/or permitted to engage in repeated civil rights violations such as undertaking unreasonable searches and seizures, preparing and filing false police reports, fabricating evidence, and subjecting innocent citizens to unlawful shootings, excessive force and malicious arrests for crimes they did not commit.

20. Plaintiff is further informed and believes that the abuses in question were the product of a culture of tolerance within the City of Hayward Police Department.  This culture is rooted in the deliberate indifference of high-ranking City officials, and/or supervisors, individually and/or acting in concert with one another, who have routinely acquiesced in the misconduct and otherwise failed to take necessary measures to prevent and curtail such misconduct.

COMPLAINT FOR DAMAGES- 5

21. Plaintiff is further informed and believes that the City of Hayward Police Department maintained customs, policies, and/or practices whereby they: failed to ensure that officers were not encouraged by their training officers, in the academy or elsewhere, to engage in acts of misconduct against citizens or to falsify reports and evidence; failed to fully and/or fairly investigate alleged police misconduct so that appropriate and timely disciplinary action and/or training could be taken regarding officers shown to have a history of complaints; and/or failed to promptly remove or terminate officers who repeatedly violated the rights of citizens and/or engaged in the types of misconduct alleged herein.

22. The incident described herein was caused by the deliberate indifference of defendants City of Hayward, other high-ranking Police Department officials and/or supervisors with regard to the need for more or different training and/or supervision and/or discipline of its police officers, including but not limited to defendants DOE Officers.

23. Plaintiff is further informed and believes that as a result of Defendant City of Hayward's practice of indifference, it became an accepted practice within the City of Hayward Police Department.

24. Plaintiff is further informed and believes that the subject incident was the result of a custom, policy, pattern and/or practice of Defendants City of Hayward and/or other high-ranking officials of the City of Hayward and/or Hayward Police Department whereby citizens, such as decedent, who lived in impoverished, low-income and predominantly minority neighborhoods, were disproportionately subjected to greater incidences of excessive force, police brutality, unreasonable searches and seizures, false charges, false arrests and officer-involved shootings.

25. Despite having notice of customs, policies, patterns and/or practices, by members of the City of Hayward Police Department, whereby citizens who lived in impoverished, low-

COMPLAINT FOR DAMAGES- 6

income and predominantly minority neighborhoods were disproportionately subjected to greater incidences of excessive force, police brutality, unreasonable searches and seizures, false charges, As a result of customs, policies, practices and/or the lack thereof, defendants City of Hayward and/or other high-ranking supervisors of the City of Hayward and/or Hayward Police Department have encouraged, authorized, ratified, condoned and/or have failed to remedy continuing acts of misconduct and civil-rights violations, including, but not limited to, those which have resulted in the damages as alleged herein.

26. By the conduct alleged above, defendants DOE officers, City of Hayward, and DOES 1-50, and each of them, acting under color of the law of the State of California, deprived decedent Ariel Levy of her rights, privileges and immunities secured by the Constitution of the United States, as well as Federal law, including but not limited to rights secured by the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

27. At all relevant times herein, the actions and omissions of said defendants, and each of them, as set forth above, occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly and with conscious and reckless disregard for plaintiffs' rights, entitling plaintiffs Willis to an award of exemplary damages.

**THIRD CLAIM**
(Violation of Plaintiff Pimental's Fourteenth Amendment Rights, 42 U.S.C §1983; Against All Defendants)

28. Plaintiff alleges that by the conduct alleged above, defendants, and each of them, acting under color of the law of the State of California and with deliberate indifference to the rights of plaintiff Evan Pimental, deprived said plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, as well as Federal law, including but not limited to the

COMPLAINT FOR DAMAGES- 7

Fourteenth Amendment's right not to be deprived of life or liberty without due process of law.

29. As a direct and proximate result of the conduct by defendants alleged above, and the wrongful death of decedent Ariel Levy, plaintiff Evan Pimental has sustained pecuniary loss resulting from the loss of care, comfort, society, attention, services, affection, familial relationship, companionship and love from decedent, all in an amount not yet determined, but within the general jurisdictional requisites of this Court, and to be proven at trial.

30. As a further direct and proximate result of defendants' gross negligence, carelessness and deliberate indifference to decedent's safety, and the wrongful death of decedent Ariel Levy, plaintiff Evan Pimental has incurred incidental expenses, including but not limited to funeral and burial expenses, the amount of which will be proven at time of trial.

31. At all relevant times, the actions and omissions of defendants, and each of them, as set forth above, were made deliberately, intentionally, maliciously, willfully, wantonly and with conscious disregard for the rights of plaintiff, thereby entitling plaintiff to an award of exemplary damages.

**FOURTH CLAIM**
(Inadequate and Reckless Training, 42 U.S.C. §1983 Against
City of Hayward and DOES 30-50)

32. Plaintiff alleges that prior to and on February 4, 2014, employees and agents of defendants City of Hayward, and each of them, in the capacity of official policy makers for the City of Hayward, undertook the training, retraining, supervision and discipline of police and other law enforcement officers they employed or caused to be employed.

33. Plaintiff is further informed and believes and thereon alleges that the acts alleged herein are the direct and proximate result of the deliberate indifference of defendants City of Hayward, to repeated acts of police misconduct that have been tacitly authorized, encouraged or condoned by City of Hayward.

COMPLAINT FOR DAMAGES- 8

34. The injuries to plaintiff and death of decedent were the foreseeable and proximate result of said customs, policies, patterns and/or practices of the City of Hayward.

35. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of City of Hayward's customs and/or policies and deliberate indifference in the training, retraining, supervision and/or discipline of members of the City of Hayward Police Department and/or other law enforcement officers acting in concert with them.

36. Plaintiff is further informed and believes and upon such information and belief alleges that plaintiff's damages and injuries were caused by customs, policies, patterns or practices of the City of Hayward of deliberate indifference in the training, retraining, supervision and/or discipline of members of the City of Hayward Department and/or other law enforcement officers acting in concert with them, including but not limited to defendants DOE Officers.

37. The actions of the individual defendants and DOES 1-50 conformed to official policy, custom or practice of the City of Hayward.

38. The aforementioned customs, policies or practices of defendant City of Hayward, resulted in the deprivation of plaintiff's Constitutional rights.

WHEREFORE, plaintiff prays for judgment against defendants City of Hayward and defendants DOES Officers, and each of them, as set forth below.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against defendants:

1. For general damages in an amount in excess of the jurisdictional requisites of the Court, according to proof at trial;

2. For special and incidental damages, according to proof at trial;

3. For punitive damages against individually named police officers, according to proof;

4. For costs of suit and reasonable attorneys' fees as provided by law, including but not limited to 42. U. S. C. §1988;

Dated: October 22, 2014.

                                                                             /s/
                                        Stanley Goff Esq.,
                                        Attorney for Plaintiff Evan Pimental